**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1106
_____

JOANN SEBASTIANI

v.

WESTMORELAND COUNTY; SEAN KERTES;
GINA CERILLI THRASHER; DOUGLAS CHEW,

Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:21-cv-01114)
Magistrate Judge: Honorable Maureen P. Kelly

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 12, 2025

Before:  RESTREPO, McKEE, AMBRO, *Circuit Judges*

(Opinion filed: February 2, 2026)

_____

OPINION[*]
_____

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge*.

Appellee Joann Sebastiani brought a First Amendment political affiliation claim against Appellants Westmoreland County Commissioners Sean Kertes, Gina Cerilli Thrasher, and Douglas Chew (the "Commissioners"), alleging they demanded that she change her political party registration when she was hired as Elections Director. The District Court failed to consider the Commissioners' qualified immunity defense when it denied their motion for summary judgment on this claim. We will vacate the District Court's order granting summary judgment because we agree with Appellants that the District Court erred in failing to consider the qualified immunity defense.

Sebastiani contends that we lack jurisdiction over this interlocutory appeal because qualified immunity hinges on resolution of factual disputes. "When the defense of qualified immunity is raised and denied, a defendant is generally entitled to an immediate appeal under the collateral order doctrine so long as the denial turns on an issue of law."[1] "Where, however, denial turns on the sufficiency of the evidence, it may not be appealed until the district court enters final judgment in the case."[2] An "implicit denial" of qualified immunity is sufficient to confer interlocutory jurisdiction.[3]

"Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."[4] By denying summary judgment, the District Court

---

[1] *Oliver v. Roquet*, 858 F.3d 180, 187 (3d Cir. 2017).
[2] *In re Montgomery Cnty.*, 215 F.3d 367, 374 (3d Cir. 2000).
[3] *Id.* at 370.
[4] *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

implicitly denied the Commissioners' qualified immunity defense.[5] It also necessarily held that the constitutional right alleged to have been violated was clearly established.[6] Thus, its denial turned on a legal conclusion that is immediately appealable under the collateral order doctrine.[7]

"Of course, the fact that we have jurisdiction to review the Appellants' immunity claims does not automatically mean that we should also decide them."[8] We will vacate the order granting summary judgment on this claim and remand to the District Court for consideration of the Commissioners' qualified immunity defense.[9]

---

[5] *See In re Montgomery Cnty.*, 215 F.3d at 370.
[6] *See Oliver*, 858 F.3d at 187–89 (holding that a court's denial of summary judgment and postponement of ruling on qualified immunity was an implied denial of qualified immunity in which the District Court implicitly concluded that the right violated was clearly established).
[7] *See id.* at 188–89 (holding that jurisdiction existed over an appeal of the implicit denial of a government official's qualified immunity defense).
[8] *In re Montgomery Cnty.*, 215 F.3d at 374.
[9] We will not vacate the District Court's summary judgment order as to Sebastiani's other claims that are not raised in this appeal.